UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JESSE TYSON OTTO<br><br>        Defendant. | CASE NO.   05-206M<br><br>DETENTION ORDER |

Offense charged:

        Possession With Intent To Distribute Marijuana Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(B)

Date of Detention Hearing: May 3, 2005.

        The court, having conducted a contested detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the Defendant can meet will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

        Government argued for detention, pointing to defendant's attempts to flee while being detained by border patrol agents. Defendant was also on bond in Canada at that time

on charges of Possession with Intent to Traffic Cocaine. Finally, 750 lbs of marijuana was found in a truck, which the defendant was observed to have been driving. The truck was later determined to be stolen.

Defense argues for release stating that the amount of drugs found were not exceptionally large. Furthermore, the defendant has no criminal history beyond the pending Canadian drug trafficking charge. Finally, defense argues that the defendant has maintained a life long residence/stability in Vancouver, B.C. Defense recommends that bond be set at $2,000-3,000 given defendant's modest means.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the Defendant committed the offense of Possession with Intent to Distribute Marijuana. There is therefore a rebuttable presumption against the Defendant's release based upon both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release given that the alleged offense occurred while on bond for a similar offense in Canada. Morever, the defendant has not given reasonable nor credible assurances for his return.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility

    separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)  The clerk shall direct copies of this order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of May, 2005.

_/s/ M. J. Benton_
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-